IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-273-FL-1
No. 5:14-CV-150-FL

| | |
|---|---|
| BRANDON TREVARUS WOODS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter comes before the court on petitioner's motion to vacate under 28 U.S.C. § 2255 (DE 50), and the government's motion to dismiss (DE 55). Petitioner responded to the motion to dismiss. In this posture the issues raised are ripe for ruling. For the following reasons, the court grants the government's motion and dismisses petitioner's motion.

**BACKGROUND**

Petitioner pleaded guilty without a plea agreement to possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count 1); possession of a sawed-off shotgun not registered in the national firearms registration and transfer record, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (count 2); and possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count 3). On February 11, 2011, petitioner was sentenced to a term of 188 months on counts 1 and 3, and a term of 120 months on count 2, all such terms to be served concurrently. Petitioner appealed and on December 5, 2011, the court of appeals granted an unopposed motion to remand for sentencing in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc).

The court entered amended judgment of conviction on February 13, 2012, sentencing

petitioner to a term of 120 months on each of counts 1, 2, and 3, to be served concurrently, removing an enhancement previously imposed on the basis of the Armed Career Criminal Act. Petitioner appealed his amended judgment. The court of appeals affirmed in an opinion issued September 6, 2012. On January 14, 2013, the Supreme Court of the United States denied petitioner's petition for certiorari.

On June 16, 2014, petitioner filed the instant § 2255 motion, asserting two claims: (1) that the court improperly imposed a 4-level enhancement in offense level under 2K2.1(b)(6), imposed on the basis of possession of a firearm in connection with another felony offense, in violation of <u>Alleyne v. United States</u>, 113 S. Ct. 2151 (2013); and, (2) that petitioner's criminal history was improperly calculated, in light of <u>Simmons</u>. The government moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that the claims are untimely, not cognizable, and procedurally defaulted. Because the court agrees that the claims are untimely and procedurally defaulted, the court dismisses the petition on those grounds.

**DISCUSSION**

A.  Standard of Review

Under § 2255(b), "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." To survive a motion to dismiss, a pleading must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (internal quotations omitted). In evaluating such a motion, "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the [pleader]," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual

2

enhancement." Nemet Chevrolet, Ltd.v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor must the court accept "unwarranted inferences, unreasonable conclusions, or arguments." Id. (quotations omitted).

B.   Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of –

>    (1) the date on which the judgment of conviction becomes final;
>
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4).

Petitioner's motion is untimely under each prong of § 2255(f). As to the first prong, petitioner's motion was filed June 16, 2014, over one year after the original judgment became final. With respect to the second prong, there is no alleged impediment to making the motion created by governmental action. With respect to the fourth prong, no new facts supporting the claims have been discovered.

Finally, with respect to the third prong, the Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis of Alleyne or Simmons. Petitioner argues that Alleyne qualifies as retroactively applicable on collateral review because the Supreme Court overruled its own precedent. But federal courts that have addressed this

3

issue uniformly have held that, although announcing a new rule of law in overruling prior Supreme Court precedent, Alleyne does not apply retroactively on collateral review. See, e.g., Simpson v. United States, 721 F.3d 875 (7th Cir.2013); United States v. Stewart, 540 Fed. Appx. 171, 172 n. 1 (4th Cir. 2013). In addition, Simmons does not provide a basis for overcoming the timeliness bar to collateral review. The Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis asserted here. See United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012) (dismissing § 2255 Simmons motion as untimely).

Defendant suggests that the court otherwise should adjudicate his petition on the basis of a miscarriage of justice. Although an alleged improper sentencing in some circumstances may be cognizable as a miscarriage of justice, see United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999), no miscarriage of justice has occurred where the sentence imposed in this case was not greater than the statutory maximum applicable to the offenses absent the sentencing enhancement. See United States v. Powell, 691 F.3d 554, 563 n. 2 (4th Cir. 2012) (King, J. dissenting in part and concurring in the judgment in part). Thus, any alleged error in the sentencing enhancement or calculation of the guidelines range in this case did not result in a miscarriage of justice.

In sum, the § 2255 petition must be dismissed as time barred.

Petitioner's claims also are procedurally defaulted because he failed to raise them on appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998) (internal quotations omitted). Petitioner has not alleged facts to overcome this procedural bar.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists

4

could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483 (2000). Applying the applicable standard, the court determines that a certificate of appealability is not warranted under the circumstances of this case.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss (DE 55) is GRANTED and petitioner's § 2255 motion (DE 50) is DISMISSED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this 24th day of November, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge